## Tribble v. Giles.

June 23, 1939.

Ira D. Smith, Judge.

C. H. Bush for appellant.

White & Clark for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

A. S. Tribble is appealing from a judgment entered in conformity with the verdict of a jury in an action in which he sought to recover of G. H. Giles $544.20 with interest from August 23, 1923, on a writing alleged to be a due bill. In his petition as amended appellant alleged that on August 23, 1923, appellee executed and delivered to him a due bill whereby he promised and agreed to pay him the sum of $544.20, balance due on a farm settlement, no part of which had been paid. The alleged due bill consists of a page in a book kept by appellant and introduced in evidence purporting to set forth items of a partnership farm account between the parties which shows sums expended by appellant and credit due appellee. The balance in favor of appellant being $544.20 and at the foot of the page is the following: "August 23, 1923. Balance due A. S. Tribble, balance on farm settlement on Young farm." This is signed by G. H. Giles.

By answer as amended appellee admitted that he signed the writing sued on but pleaded payment, satisfaction and settlement in full of all accounts between him and appellant and further pleaded limitations. By agreement of parties all affirmative matter in the answer as amended was controverted of record.

There is a sharp controversy between the parties as to whether the page of the book kept by appellant and signed by appellee is a due bill, it being the contention of appellee that it is a mere acknowledgment of the status of the accounts to the date indicated. It is to be doubted whether the writing sued on by appellant was intended by the parties to be or whether it is in fact a due bill. We are inclined to the opinion that it was merely a memorandum showing the amount due appellant as of that date. See Patterson v. Swickard, 41 S. W. 435, 19 Ky. Law Rep. 661. If it was merely

an accounting between the parties it was barred by limitations since the action was not brought for nearly 15 years after that date. But it is unnecessary to determine that question since the judgment may be affirmed on other grounds.

The evidence shows that in 1919 the parties purchased a 120-acre farm from John Young for $24,000 and entered into a partnership for the operation of the farm. Appellant was most active in looking after the farm and kept the accounts. The book filed in evidence shows that the accounts continued for a year or two after the settlement referred to in the pleading was made. The evidence discloses that due to the high price paid for the land, the venture proved to be unprofitable and the parties finally sold the farm and at the end owed John Young $8000 evidenced by their personal notes. Mr. Young was growing old and desired to have the matter closed out so he proposed to accept $2000 in satisfaction of the notes. Appellee testified that appellant paid Mr. Young $500 in cash and that he, appellee, and his brother conveyed to Young a tract of land to make up the balance of the $2000 in satisfaction of the note; that it was agreed between appellant and appellee that it was a final and complete settlement between them and it was likewise agreed by all parties concerned that it was a full and complete settlement between them and Young and that the notes were thereupon surrendered. This was denied by appellant who testified that a settlement between him and appellee was not involved in the Young transaction and that appellee still owed him the sum sued for.

The court apparently treated the paper evidencing the amount and signed by appellee as a due bill since he instructed the jury to find for appellant the sum sued for with interest from August 23, 1923, unless they believed from the evidence that appellee paid or satisfied the due bill by the agreement with defendant at the time the partnership made its final settlement with John Young, in which event the jury would find for appellee. Under that instruction which was not objected to the jury apparently believed and accepted appellee's theory of the case and found for him, and since there was evidence to support their verdict, it should not be disturbed.

Appellee further contends that subsequent to Au-

gust 23, 1923, appellant made no accounting to him for proceeds and profits derived from the farm and appellant is complaining that he was not permitted to go into detail as to items of expenditure made by him after August 23, 1923, to show that there were no profits but that on the other hand, there were sums due him in addition to the amount sued for. The court did permit him to state that there was a sum due him in addition to the amount sued for but did not permit him to go into detail concerning items of accounting subsequent to the settlement in controversy. Clearly appellant was not prejudiced because of the exclusion of the evidence referred to since the court disregarded that claim of appellee altogether and instructed the jury to find for appellant unless the jury believed that the due bill or paper sued on was paid or satisfied at the time when the partnership made its final settlement with John Young, which was after the farm operation and accounts had ceased.

Some other questions are argued by appellee but they are of minor importance and not of sufficient merit to warrant discussion.

Judgment affirmed.